**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

DENNIS MONS, Petitioner,

vs.

STANLEY KNIGHT, Respondent.

Case No. 2:13-cv-162-JMS-WGH

**Entry and Order Dismissing Action**

**I.**

In a proceeding identified as No. REF 13-02-0019, Dennis L. Mons was disciplined for violating prison rules by engaging in a conspiracy to commit trafficking. The basis of the charge was staff's inspection of a letter sent to Mons from Rick Reader of Ft. Wayne, Indiana in February 2013. Reader's letter to Mons made reference to a "device" and explained that it was a "bad idea" to "do the device." The letter continues: "This sort of thinking is the way to jack off good time, or loose[sic] time cuts. Sooner or later it would be found, as they always are and you would pay the price."

Mons now challenges the validity of No. REF 13-02-0019, contending that the decision of the hearing officer was not supported by sufficient evidence.

A state prisoner seeking a writ of habeas corpus bears the burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). When the challenged custody results from a prison disciplinary proceeding,

due process requires that the decision be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Mons contends that hearing officer's finding of guilt was not supported by sufficient evidence. This contention, however, is refuted by the conduct report itself, which was part of the evidence considered. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as Asome evidence.@ *Id.; see also Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (even Ameager@ proof is sufficient). Here, the conduct report narrates that Reader and Mons had exchanged thoughts about attempting to introduce contraband into the prison. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane*, *882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

Mons' argument that he was denied the protection afforded by *Hill* is refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 01/23/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dennis Mons
930902
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135

All electronically registered counsel